# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division
# Civil Action No.: 3:24-cv-12-MOC-SCR

| | |
|---|---|
| LAURA ELIZABETH BELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CRAFT REVOLUTION, LLC d/b/a ARTISANAL BREWING VENTURES, ARTISANAL BREWING VENTURES CHARLOTTE, LLC, and DOE DEFENDANTS 1-10,<br><br>Defendants. | PROTECTIVE ORDER |

To expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as "Confidential" (defined herein) that may be produced or otherwise disclosed during the course of this lawsuit, and ensure that protection is afforded only to material so designated, the Court, with the parties' consent, enters a protective order in this case according to the following terms:

**IT IS HEREBY ORDERED THAT:**

1. <u>General Scope of the Protective Order</u>. This Consent Protective Order shall govern documents and other material produced in response to any discovery request or other request for information by Plaintiff or Defendants in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in

connection with depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Protective Order. The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) personal information about Plaintiff and other of Craft Revolution, LLC's former and current employees, officers, and directors, such as social security numbers, tax and other financial information, personnel records, and health-related information; and (b) confidential or proprietary business and personal information, including, but not limited to, proprietary operations-related policies and procedures, income tax returns, balance sheets, profit and loss statements, and any other financial information that is otherwise not disclosed or made available to the general public or to front line hourly employees of Defendants.

2. <u>Designation as Confidential.</u> Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Protective Order. Such designation shall be made at the time the information in produced or furnished, or at a later time as provided herein.

3. <u>Procedure for Designating Information as Confidential.</u> Parties may designate materials as "Confidential" in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

(b) In the case of answers to interrogatories or requests for admission, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential";

(c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

4. Restricted Use of Information.

(a) Documents/information designated as "Confidential" pursuant to paragraphs 1 through 3 of this Order shall be used solely for the purposes of this lawsuit and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the parties, their staff members, their professional and para-professional employees;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action; and

(iv) the parties, including officers or managers of a party, who have a need to know the information for purposes of this litigation.

(b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or court personnel. Specifically, the use of confidential material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

5. <u>Acknowledgment of Protective Order</u>. All persons to whom confidential material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive confidential material pursuant to paragraph 4(ii) through (iv) of this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6. <u>Personally Identifiable Information</u>. The parties acknowledge that the requests and responses in this matter may require the production of significant amounts of personally identifiable information, including social security numbers, and agree that in lieu of filing such

materials under seal on this basis alone, they will instead redact such material before the public filing or distribution of any such personally identifiable information.

7. <u>Inadvertent Disclosure.</u> In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced, including, if necessary, obtaining an acknowledgement pursuant to paragraph 5. No disclosure of any information not previously marked "Confidential" shall be treated as a violation of this Protective Order if counsel notifies the prior disclosed party of the newly acquired designation as "Confidential" regarding the material in question.

8. <u>Use of Confidential Materials in this Case.</u> Nothing in this Protective Order shall prevent or impair the use by a party of confidential materials as set forth in paragraphs 1 through 3 of this Protective Order in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as the confidentiality of such information is protected as provided herein. Except as provided in paragraph 6, to the extent any confidential material is filed with the Court, counsel filing the confidential material shall file it under seal in accordance with the Local Rules.

9. <u>Challenging Confidentiality.</u> Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing is confidential material. Counsel for the parties shall serve written notice of any objections to specific designations upon the other party within twenty (20)

days of receipt of such information, documents or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel is unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

10. <u>Right to Object.</u> Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

11. <u>Disclosure.</u>

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information.

(b) Nothing in this Protective Order shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

12. <u>Return of Confidential Information.</u>  After written notice by the producing party and within fourteen days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated Confidential, including copies as defined above, must be returned to the party who produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated Confidential, so long as that work product does not duplicate verbatim portions of the text or images of designated documents. Such work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not rely on or disclose information designated Confidential.

Finally, nothing in this paragraph shall prevent counsel from retaining a single copy of all filings, including exhibits thereto, even if such filing contains "Confidential" material, provided counsel continues to abide by all other aspects of this Protective Order and continues to treat such filings as containing "Confidential" material.

13. <u>Modification of the Protective Order.</u>  In the event of further proceedings in this action, if any of the parties hereto believe that this Protective Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Protective Order.

14. <u>Protection of Copies.</u> All copies, extracts or summaries prepared from confidential material produced hereunder shall be subject to the same terms of this Protective Order as the confidential material from which such copies, extracts or summaries were prepared, if properly designated.

15. <u>Notices.</u> Notice required under this Protective Order shall be in writing and provided to the parties' counsel of record. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

16. <u>Effective Date; Survival.</u> This Protective Order shall be effective immediately and shall survive the conclusion of this lawsuit.

**SO ORDERED.** Signed: April 2, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge